**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**WESTERN DIVISION**

| | | |
|---|---|---|
| Concentric Rockford Inc., | ) | |
| an Illinois Corporation, | ) | |
| Plaintiff, | ) | Case No. 21 C 50424 |
| | ) | |
| vs. | ) | District Judge: Honorable Iain D. Johnston |
| | ) | |
| Regent Insurance Company, | ) | Magistrate Judge: Honorable Lisa A. Jensen |
| a Wisconsin Corporation, | ) | |
| | ) | **Jury Trial Demanded** |
| Defendant. | ) | |

**FIRST AMENDED COMPLAINT**

**FOR DECLARATORY JUDGMENT AND OTHER RELIEF**

Plaintiff, CONCENTRIC ROCKFORD INC., through its undersigned counsel, states as follows for its Complaint for Declaratory Judgment and Other Relief against Regent Insurance Company:

**Introduction**

1.      This is an action for declaratory and other relief wherein Concentric Rockford Inc. ("Concentric") seeks a declaration that Regent Insurance Company ("Regent") is obligated to defend and indemnity Concentric with respect to an underlying lawsuit captioned, *Judy Cassioppi v. Concentric Rockford Inc*., pending in the 17th Judicial Circuit Court of Illinois, Case No. 2021 L 143. Concentric also seeks relief against Regent for breach of contract and negligence. The *Cassioppi v. Concentric* lawsuit is sometimes referred to herein as the "Underlying Lawsuit".

**Parties**

2.      Plaintiff Concentric is an Illinois Corporation with its principal place of business in Rockford, Illinois.

3.      Defendant Regent is a Wisconsin Corporation with its principal place of business at 1 QBE Way, Sun Prairie, WI 53596.

1

**Jurisdiction and Venue**

4.      Pursuant to 28 U.S.C. §1332(a), this Court has subject matter jurisdiction over this dispute because there is complete diversity between the Plaintiff and the Defendant herein, since Plaintiff is a citizen of the State of Illinois and Defendant is a citizen of the State of Wisconsin, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

5.      Venue is proper in this judicial district pursuant to 28 U.S.C. §1391 because a substantial part of the events or omissions giving rise to the claim occurred in this judicial district, since the alleged tort in the Underlying Lawsuit took place in this judicial district, and since the Underlying Lawsuit was filed in Winnebago County, Illinois which is in this judicial district.

**Background and Facts**

6.      Regent issued a comprehensive liability insurance policy no. CCI 1377040 effective May 17, 2020 - May 17, 2021 to the Vonachen Group as the named insured. That policy lists Diversified Services for Industry Corporation ("DSI") as a named insured pursuant to Endorsement G40-1 05-85, which is part of that policy.  A true and correct copy of the foregoing policy issued by Regent is attached hereto as **Exhibit A** (referred to herein as the "Regent Policy").

7.      The Regent Policy includes an additional insured endorsement that provides "Blanket as required by insured contract" automatic additional insured status for "owners, lessees, customers or contractors."  *See* Regent Policy, additional insured endorsement CG 81 56 03 09.

8.      DSI entered into a written contract with Concentric on May 28, 2013 (the "DSI contract") wherein DSI agreed to provide certain janitorial services to Concentric as set forth on the terms and conditions therein. A true and correct copy of the DSI contract is attached hereto as **Exhibit B**.

9.      The term of the DSI contract was extended by a 2015 addendum that provides that the contract continues on a year-to-year basis. The DSI contract was in effect on the date of the

alleged incident set forth in the Underlying Lawsuit, August 14, 2020. *See* DSI contract addendum, a true and correct copy of which is attached hereto as **Exhibit C**.

10.    Paragraph 13 of the DSI contract provides as follows:

**INSURANCE PROTECTION**

CONTRACTOR [DSI] will provide a certificate of insurance confirming that the following coverages will be in effect at all times.

(A)  Workmen's Compensation Insurance.

(B)  General Liability for bodily injury and property damage in the amount of $1,000,000. This coverage includes a care custody and control rider for damage caused by CONTRACTOR'S employees.

(C)  Umbrella form excess liability coverage in the amount of $5,000,000.

(D)  Third party fidelity bonding covering CONTRACTOR employee dishonesty in the amount of $10,000.

(E)  Comprehensive automobile liability coverage, including hired and non-owned vehicles, in the amount of $1,000,000.

11.    The insurance producer on the ACORD Certificate, the Kuhl Insurance Agency, Inc. (the "Kuhl Agency"), was on information and belief authorized by Regent under a written producer agreement, an oral producer agreement, or through a course of conduct, to issue ACORD Certificates of insurance to additional insureds such as Concentric, and to facilitate having those entities named as additional insureds on the liability policies shown on the ACORD Certificates of insurance, which is this case included Concentric as the identified "additional insured" and Regent Insurance Company as the identified general liability carrier on the subject ACORD Certificate attached hereto as **Exhibit D**.

12.    In furtherance of its contractual duty to provide insurance coverage to Concentric as set forth in par. 13 of the DSI contract, DSI and /or the insurance producer, the Kuhl Agency,

sent Concentric an "ACORD Certificate of Liability Insurance" identifying Concentric as the "Certificate Holder." That ACORD Certificate states as follows: "**The Certificate Holder [Concentric] is an additional insured as it pertains to general liability** and auto liability, subject to the policy's terms, definitions, conditions, and exclusions." (emphasis added). A true and correct copy of that ACORD Certificate of Liability Insurance showing the insurance coverages effective from 5-17-2020 to 5-17-2021 is attached hereto as **Exhibit D**.

13. Regent, through its authorized agent/producer the Kuhl Agency, sent Concentric an Endorsement to the Regent Policy that provides "blanket as required by contract" additional insured coverage, a true and correct copy of which Endorsement is attached hereto as **Exhibit E**.

14. Concentric is an additional insured under the Regent Policy, as evidenced by the fact that: a) DSI contractually agreed to provide general liability insurance coverage to Concentric; b) Regent's authorized agent/producer the Kuhl Agency provided an ACORD Certificate (Exhibit D) to Concentric, showing Concentric as the Certificate Holder and stating that "The Certificate Holder is an additional insured as it pertains to general liability"; and c) Regent Insurance Company is shown as the general liability carrier on that ACORD Certificate.

15. On June 4, 2021, Concentric was served with a Complaint in the Underlying Lawsuit that alleges that Judy Cassioppi (an employee of DSI) was injured at Concentric's facility in Rockford, Illinois on or about August 14, 2020 through the alleged negligence of Concentric. The allegations in the Underlying Lawsuit fall within or potentially within the coverages of the Regent Policy that provides coverage for "bodily injury" within the policy period that was caused by the alleged negligence of an insured.

16. On June 10, 2021, Concentric tendered the Complaint in the Underlying Lawsuit to Regent to seek defense and indemnify, which tender triggered Regent's duty to defend Concentric.

17.     On June 25, 2021, in breach of the Regent Policy and in violation of its duty to defend, Regent denied the tender of defense, asserting that there were no allegations to indicate that Ms. Cassioppi's injuries were caused by any alleged act or omission of DSI.

18.     On July 1, 2021, Concentric filed a third-party Complaint in the Underlying Lawsuit, alleging that Ms. Cassioppi's injuries were caused by DSI's acts and omissions. A true and correct copy of the Third-Party Complaint against DSI in the Underlying Lawsuit (which attaches a copy of the Complaint filed in the Underlying Lawsuit as Exhibit A to the Third-Party Complaint) is attached hereto as **Exhibit F**.

19.     On July 1, 2021, Concentric sent a follow-up letter to Regent, advising that a Third-Party Complaint was filed by Concentric against DSI that alleges that Ms. Cassioppi's injuries were caused by DSI's acts and omissions. That letter enclosed a copy of the Third-Party Complaint, and again sought a defense and indemnity from Regent.

20.     On October 7, 2021, more than three months after Concentric sent its July 1, 2021 follow-up tender letter as alleged above, Regent again denied Concentric's tender of the Underlying Lawsuit for defense and indemnity. In that October 7, 2021 denial, Regent failed to explain the basis for its continued denial of the tender in light of the Third-Party Complaint that alleges that Ms. Cassioppi's injuries were caused by DSI's acts and omissions.

21.     On February 17, 2022 Concentric filed an Amended Third Party Complaint against DSI in the Underlying Lawsuit, alleging claims for: (a) contribution; (b) contractual indemnification; and (c) breach of contract for failure to provide general liability insurance. A true and correct copy of the Amended Third-Party Complaint is attached hereto as **Exhibit G**.

22.     On February 17, 2022, Concentric provided a copy of the Amended Third-Party Complaint against DSI to Regent's coverage counsel.

23.     Based on the foregoing, there is a genuine case or controversy between Concentric and Regent with respect to whether the allegations in the Underlying Lawsuit and the Amended Third-Party Complaint against DSI in the Underlying Lawsuit trigger a duty on the part of Regent to defend and indemnify Concentric in the Underlying Lawsuit.

### Count I – Declaration of Coverage vs. Regent

24.     Concentric incorporates pars. 1-23 above as Count I, par. 24.

25.     Pursuant to Federal Rule of Civil Procedure 57 and 28 U.S.C. § 2201, the Court is authorized to issue a declaratory ruling as to a genuine case or controversy.

26.     Concentric is entitled to a judicial declaration with respect to Regent's duty to defend and indemnify it against the Underlying Lawsuit.

WHEREFORE, Concentric Rockford Inc. respectfully prays that this Court enter a declaratory judgment in its favor and against Regent Insurance Company, adjudicating and declaring as follows:

a.  That Concentric is an additional insured on the Regent Policy or should be deemed an additional insured on that Policy;

b.  That the Underlying Lawsuit was tendered to Regent by Concentric for defense and indemnity;

c.  That the allegations in the Underlying Lawsuit including the Amended Third-Party Complaint against DSI trigger Regent's duty to defend and indemnify Concentric with respect to the claims against it in the Underlying Lawsuit;

d.  That Regent's denial of the tender and its assertion of non-coverage is improper and in violation of its duty to defend Concentric;

e.  That Regent is obligated to reimburse Concentric for all defense fees and expenses it has incurred since the initial tender of the Underlying Lawsuit to Regent on June 10, 2021, and for all defense fees and expenses that Concentric will incur in the future in the defense in the Underlying Lawsuit; and

f.  That the Court make such other and further relief in favor of Concentric as is just under the circumstances.

## Count II -- Breach of Contract vs. Regent

27.    Concentric incorporates pars. 1-26 above as Count II, par. 27.

28.    Based on the above allegations, Regent breached its contract (the Regent Policy) with Concentric and is liable for all damages that naturally flow from that breach.

29.    Concentric has been damaged by Regent's breach of contract in that it has incurred, and is continuing to incur, legal fees and expenses in defending its interests in the Underlying Lawsuit, and it faces potential legal exposure for the plaintiff's tort claims in the Underlying Lawsuit for which Regent is obligated to indemnify Concentric.

WHEREFORE, Concentric Rockford Inc. respectfully prays that this Court enter a monetary judgment in its favor and against Regent Insurance Company, in an amount in excess of $75,000 based on Regent's breach of contract, plus costs, and such other and further relief in favor of Concentric as is just under the circumstances.

## Count III --  Negligent failure to provide insurance vs. Regent
### (in the alternative)

30.    Concentric incorporates pars. 1-29 above as Count III, par. 30.

31.    735 ILCS 5/2-2201(a) imposes a duty of ordinary care on insurance producers, including both brokers and captive agents, by imposing a duty to "exercise ordinary care and skill in renewing, procuring, binding, or placing the coverage requested by the insured or proposed insured."

32.    Regent, through its authorized agent / producer Kuhl Agency, provided Concentric with an "ACORD Certificate of Liability Insurance" identifying Concentric as the "Certificate Holder." That ACORD Certificate states as follows: "The Certificate Holder [Concentric] is an additional insured as it pertains to general liability and auto liability, subject to the policy's terms, definitions, conditions, and exclusions." **Exhibit D.**

33.     Regent, through its authorized agent / producer Kuhl Agency, had a duty to use reasonable care and skill to name Concentric as an additional insured on the subject insurance policy, or to notify the Concentric and DSI that it could not provide such coverage to Concentric, so that Concentric and DSI would not be lulled into a feeling of security or be put to prejudicial delay in seeking such additional insured coverage for Concentric as DSI agreed to provide.

34.     Pleading in the alternative, in the event the Court determines that the Regent Policy as issued including the Endorsement thereto (**Ex. E**) does not provide coverage to Concentric as an additional insured, then Regent breached its duty of ordinary care. It breached its duty by failing to provide Concentric the coverage that Regent was requested to provide, and that it agreed to provide as shown on the ACORD Certificate.  It further breached that duty by failing to issue an endorsement on the subject insurance policy naming Concentric as an additional insured.  In the alternative, it breached that duty by failing to advise Concentric that it was not an additional insured on that policy after its agent / producer, the Kuhl Agency, issued the subject ACORD Certificate identifying Concentric as an "additional insured" on the subject policy.

35.     As a proximate result of Regent's foregoing breach of its legal duty to exercise ordinary care and skill in renewing, procuring, binding, or placing the subject coverage for Concentric, Concentric has been damaged in that it has been sued in the Underlying Lawsuit, which Lawsuit would have been covered under the subject policy, had Regent and its authorized agent Kuhl Agency fulfilled their duty to exercise ordinary care and skill.

WHEREFORE, Concentric Rockford Inc. respectfully prays that this Court enter a monetary judgment in its favor and against Regent Insurance Company, in an amount in excess of $75,000 based on Regent's negligence, plus costs, and such other and further relief in favor of Concentric as is just under the circumstances.

**CONCENTRIC DEMANDS A TRIAL BY JURY AS TO EACH COUNT SO TRIABLE**

Respectfully submitted by:
CONCENTRIC  ROCKFORD INC.


BY:    /s/ Marc C. Gravino
      Marc C. Gravino
      Joel M. Huotari
      WilliamsMcCarthy, LLP
      120 West State Street, Suite 400
      P. O. Box 219
      Rockford, IL  61105-0219
      Email:mgravino@wilmac.com
      Email:jhuotari@wilmac.com
      815-987-8900