IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| CONCENTRIC ROCKFORD INC., <br><br> Plaintiff, <br><br> v. <br><br> REGENT INSURANCE COMPANY, <br><br> Defendant. | Case No. 3:21-cv-50424 <br><br> Honorable Iain D. Johnston |
| REGENT INSURANCE COMPANY, <br><br> Third-Party Plaintiff, <br><br> v. <br><br> KUHL & COMPANY, <br><br> Third-Party Defendant. | |

**MEMORANDUM OPINION AND ORDER**

Third-Party Plaintiff, Regent Insurance Company (Regent), brought this action against Third-Party Defendant, Kuhl & Company (Kuhl), seeking contribution under the Illinois Joint Tortfeasor Contribution Act ("the Contribution Act") and a claim for breach of contract. Before the Court is Kuhl's motion to stay and compel arbitration [53]. For the following reasons, the motion is granted.

1

I. Background

Plaintiff Concentric Rockford, Inc., filed a complaint against Regent Insurance Company seeking recovery for damages sustained because Regent allegedly failed to add Concentric as an insured party on an insurance policy issued to one of Concentric's contractors, Diversified Services for Industry Corporation (DSI). FAC, Dkt. 21 at 2. Based on an Agency Agreement with Regent's parent company, QBE Regional Companies Inc. (QBE), Kuhl was authorized by Regent to issue certificates of insurance to additional insured parties. FAC at 3. Regent claims that because Kuhl was responsible for issuing the certificate to Concentric, Kuhl breached its duty to use reasonable care and skill by failing to name Concentric as an additional insured and failing to notify Concentric that it was not covered under the insurance policy. TPC, Dkt. 34 at 2. So, Regent claims that Kuhl is also liable for any damages Concentric suffered. Id.

In Count I, Regent claims that if it is found liable to Concentric, it is entitled to contribution from Kuhl for its negligent acts and/or omissions under the Contribution Act.[1] In Count II, Regent claims that under the terms of the Agency Agreement between Kuhl and Regent's parent company, QBE, Kuhl breached its contractual duties by failing to defend and indemnify Regent against Concentric's claims. However, Kuhl maintains that under Section VII of the Agreement any

---

[1] Although not raised by the parties and not required to be resolved by this motion, Count I by Regent against Kuhl, seeking contribution under the Contribution Act, doesn't make a lot of sense in this case. Concentric's complaint seeks declaratory judgment and a breach of contract; it does not contain a tort count. The Contribution Act provides for contribution for torts. 740 ILCS § 100/2 ("where 2 or more persons are subject to liability in tort arising out of the same injury to person or property . . . there is a right of contribution among them.").

2

disputes between the parties are subject to binding arbitration, and the Court should compel arbitration and stay Regent's Third-Party complaint [34].

## II. Legal Standard

A motion to compel arbitration is subject to the same standard as a motion for summary judgment. *Tinder v. Pinkerton Sec.*, 305 F.3d 728, 735 (7th Cir. 2002). The "opposing party must demonstrate that a genuine issue of material fact exists." *Id.* "[T]he evidence of the non-movant is to be believed and all justifiable inferences are to be drawn in his favor." *Id.* The opposing party must also offer "concrete evidence from which a reasonable juror could find that this matter should not be compelled to arbitration." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986). The Federal Arbitration Act (FAA), "governs the enforcement, validity, and interpretation of arbitration clauses in commercial contracts in both state and federal courts." *Jain v. De Mere*, 51 F.3d 686, 688 (7th Cir. 1995). "Under the FAA, arbitration must be compelled if the following three elements are shown: (1) a written agreement to arbitrate; (2) a dispute within the scope of the arbitration agreement; and (3) a refusal to arbitrate." *Zurich Am. Ins. Co. v. Watts Indus., Inc.*, 417 F.3d 682, 687 (7th Cir. 2005). However, the Court "must decide whether a contract exists before it decides whether to stay an action and order arbitration." *Janiga v. Questar Cap. Corp.*, 615 F.3d 735, 740 (7th Cir. 2010) (quoting 9 U.S.C. § 2). Because arbitration is a matter of contract, a party is not required to submit to arbitration a dispute that was not agreed upon. *Gore v. Alltel Communs., LLC*, 666 F.3d 1027, 1032 (7th Cir. 2012). Although the FAA reflects a liberal federal policy

favoring arbitration, "federal law places arbitration clauses on equal footing with other contracts, not above them." *Scheurer v. Fromm Family Foods LLC*, 863 F.3d 748, 752 (7th Cir. 2017); *A.D. v. Credit One Bank, N.A.*, 885 F.3d 1054, 1060 (7th Cir. 2018). Therefore, the party seeking to compel arbitration has the burden of establishing an agreement to arbitrate. 9 U.S.C § 4; *Credit One Bank, N.A.*, 885 F.3d at 1063. Any doubt concerning the scope of the arbitration clause is resolved in favor of arbitration. *Id.* (citing *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24–25 (1983)).

## III. Analysis

The parties agree that Section VII of the Agency Agreement between Kuhl and Regent's parent company, QBE, contains a valid arbitration clause, satisfying the first prong of the *Zurich* test. And it is apparent that Regent refused to submit to arbitration, so the sole issue the Court must decide is whether the Third-Party Complaint falls within the scope of the arbitration clause.

"To determine whether a contract's arbitration clause applies to a given dispute, federal courts apply state-law principles of contract formation." *Gore*, 666 F.3d at 1032. Under Illinois law, "the objective in interpreting a contract is to ascertain and give effect to the intent of the parties." *Carey v. Richards Bldg. Supply Co.*, 367 Ill. App. 3d 724 (2006). When the contract's language is plain, the agreement should be enforced as written. *Gore*, 666 F.3d at 1033 (citing *Carey*, 367 Ill. App. 3d 724).

Kuhl asserts that the Third-Party Complaint is covered by the arbitration clause in Section VII of the Agreement, and thus the Court should stay the proceedings on the Third-Party Complaint and compel arbitration under Section VII. But Regent argues that arbitration should not be compelled for two reasons. First, that the arbitration clause is no longer enforceable because Kuhl breached the portion of the arbitration clause that requires the parties to meet and "settle their dispute in good faith informally," when it "completely ignored Regent's tender of defense." Second, that the contribution claim is not within the scope of the arbitration agreement.

Regent asserts that because Kuhl did not engage in a settlement discussion it breached its duties under the agreement and therefore waived its rights to arbitration. But Regent's argument is inapposite to the explicit terms of the arbitration clause. The arbitration clause contemplates this precise scenario, stating that if the disputing parties cannot agree on a written settlement within thirty-days after the dispute arises, the matter shall be settled by binding arbitration. Mot. to Stay, Dkt. 34-2 at 8. The language of the clause is plain and therefore will be enforced as written. *Gore*, 666 F.3d at 1033. The parties will arbitrate their dispute.

As to Regent's second argument, because it is the party opposing arbitration it has the burden of proving its indemnification claim is not covered by the Agreement. *Anderson*, 477 U.S. at 256. The arbitration clause covers "any dispute or disagreement" that "arise[s] in connection with any interpretation of this

5

Agreement, [or] its performance or nonperformance . . ." Mot. to Stay, Dkt. 34-2 at 8. Regent argues this language limits the scope of the Agreement and only covers claims that "arise in connection" with the Agreement, and its indemnification claim falls outside the scope of the Agreement because "it does not relate to any performance or nonperformance of Kuhl's obligations under the Agreement." Resp. to Mot. to Stay, Dkt. 57 at 5. But as the Seventh Circuit explained in *Gore,* the language "'arising out of' reaches all disputes having their origins or genesis in the contract, whether or not they implicate interpretation or performance of the contract per se." 666 F.3d at 1033. Regent attempts to split hairs between the phrase "arise in connection with" and "arising out of," but the phrase "arising in connection with" should be read at least as broadly as the phrase "arising out of." *Id.*; *Maro v. Commuter Adver., Inc.*, 18-cv-06802, 2019 U.S. Dist. LEXIS 109514 at *5 (N.D. Ill., July 1, 2019). Regent fails to meet its burden of showing that the indemnification claim falls outside the scope of the Agreement, so the parties shall proceed to arbitration under the terms of Section VII.

## IV. Conclusion

For the above reasons, Third-Party Defendant Kuhl's motion to stay proceedings and compel arbitration is granted. The parties shall file a status report within 14 days after the conclusion of the arbitration proceedings.

Date: June 26, 2023

_____
Honorable Iain D. Johnston
United States District Judge

6